THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM SAVERCOOL, Relator, against J. VERNEL JACKSON, as Warden of Clinton Prison, Defendant.

County Court, Clinton County, October 24, 1949.

*William Savercool,* relator in person.

*Nathaniel L. Goldstein, Attorney-General (Harold A. Jerry* of counsel), for defendant.

O'CONNELL, J. The relator, an inmate of Clinton Prison, at Dannemora, New York, appeared before me on a writ of habeas corpus on July 25, 1949. He sought relief on numerous grounds, as set forth in his petition. The hearing was concluded on October 17, 1949.

It uncontradictedly appears that on January 26, 1948, in the Schuyler County Court, Schuyler County, New York, relator pleaded guilty to an indictment which charged that on May 1, 1946, he, the father of Carolyn Savercool, then nine months old, abandoned and left her in destitute circumstances by willfully and feloniously omitting to furnish necessary and proper support, food and shelter. Savercool was then a single man and Carolyn was the illegitimate child of Ada Cady, a married woman, with whom relator for a time at least had lived. This was not controverted by the warden respondent. Following a plea of guilty to the indictment and on January 26, 1948, Savercool was sentenced to Attica Prison for an indeterminate term, the minimum of which was not less than three years and the maximum not more than six years. He had never previously been convicted of a felony, nor was he at the time of his plea and sentence represented by counsel. While at Attica Prison he escaped and was apprehended. On September 13, 1948, relator pleaded guilty to one indictment in Ulster County, charging him with a violation of section 1695 of the Penal Law and was sentenced to an indeterminate term of not less than one and one-half to three years imprisonment.

Relator, in his petition, raised numerous issues, most of which I do not feel are properly reviewable by writ of habeas corpus. Such issues should be brought to the attention of the Schuyler County Court by writ of error *coram nobis.* However, in his petition he also alleged that he received an illegal and excessive sentence on his plea of January 26, 1948. I

believe this to be within my jurisdiction to determine on a writ of habeas corpus. The indictment to which relator pleaded guilty on January 26, 1948, clearly charged a violation of section 480 of the Penal Law punishable by not more than two years' imprisonment. It is apparent that the learned Trial Judge of Schuyler County sentenced relator in the belief that the indictment charged him with a violation of section 481 of the Penal Law. The maximum sentence for violation of section 481 is imprisonment for not more than seven years. I cannot concur in such a determination. Before a defendant may be convicted by plea of guilt under section 481 of the Penal Law it must appear in the indictment itself that the infant was deserted in a place with intent to wholly abandon it. (*People* v. *Joyce,* 112 App. Div. 717, affd. 189 N. Y. 518.) The indictment to which the relator pleaded guilty failed to so charge.

I, therefore, hold relator's sentence of January 26, 1948, to have been excessive and illegal and order that he be returned to Schuyler County Court, Schuyler County, New York, for proper sentence under section 480 of the Penal Law.

Submit order in accordance with this decision.